CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 03 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TILNESHA PRITCHETT, | ) | CASE NO. 4:07CV000055 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By:  B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's

November 26, 2004 claim for a period of disability, disability insurance benefits, and

supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42

U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. §

636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings,

conclusions and recommendations for the disposition of the case. The questions presented are

whether the Commissioner's final decision is supported by substantial evidence, or whether there

is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that

follow, the undersigned will RECOMMEND that an Order enter GRANTING the

Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final

decision, and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an

Administrative Law Judge ("Law Judge") concluded that, on June 30, 2004, the alleged date of

disability onset, plaintiff, who was 27 years old at the time of the alleged disability onset with

past relevant work as an adult entertainer, cab driver, electronics tester, packer, data entry clerk,

order picker, food service assistant manager, cook, and cashier, had not engaged in substantial

gainful activity during the relevant time period, and was insured for benefits through the date of

his decision, April 11, 2005.[1] (R. 19, 23, 25, 26.) He further determined that plaintiff's claimed

impairments, namely degenerative disc disease and a bipolar disorder, were not "severe" as the

term is defined by the Commissioner's regulations, 20 C.F.R. §§ 404.1520(c) and 416.920(c). (R.

25.) Rather than stopping at that point in the sequential evaluation, as is required by the

regulation whenever a claimant would be found not disabled at that sequential juncture, the Law

Judge proceeded further to make alternative findings.

The Law Judge found that, even if severe, neither impairment, alone or together, met or

equaled any listed impairment. (*Id.*) He also determined that plaintiff's allegations about her

limitations were not "totally credible." (R. 26.) Continuing his alternative findings, the Law

Judge concluded that, "if" plaintiff's mental and physical impairments were severe, then she

possessed the exertional and non-exertional capacity to perform work as a food service assistant

manager, inspector, cashier, and data entry clerk as they actually were performed or are generally

performed in the economy. (*Id.*) In view of this, he further found that, given her age and

education, plaintiff had the residual functional capacity to perform a "significant range of light

and sedentary work." (*Id.*) By application of the Medical-Vocational Guidelines ("grids") and by

reference to evidence adduced from a vocational expert (VE) at the hearing, the Law Judge

concluded that jobs were available to the plaintiff in the economy, and that she was not disabled

under the Act.

Plaintiff appealed the Law Judge's decision to the Appeals Council. (R. 15.) After

---

[1]Plaintiff also worked for some period as an exotic dancer and adult entertainer. (R. 326.)

2

consideration of plaintiff's brief in support of her appeal, the Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner on November 2, 2006. (R. 7-10.) On October 29, 2007, the Appeals Council granted plaintiff's request to extend the time in which she could seek judicial review, and enlarged the filing time by 30 days from the date thereof. (R. 6.)  This action ensued.

Plaintiff first challenges the process by which she was denied benefits. She offers that the Law Judge committed legal error when he couched his decision in alternative terms, first finding that she did not suffer any severe mental or physical impairment and then proceeding to the final sequential inquiry not only as though she did, but also as though she had carried her burden in the sequential process, which would have shifted the burden to the Commissioner to produce evidence that alternate gainful work was available to a person with her maladies and their effects. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).[2] Plaintiff believes that, by engaging in such process, the Law Judge rendered inconsistent findings related to whether her mental and physical impairments were "severe," which cannot be meaningfully assessed on judicial review.[3] She further found that the evidence, in fact, establishes that she suffers severe mental and physical impairments.

In the Defendant's Brief In Support of His Motion For Summary Judgment ("Def's

---

[2]See also 20 C.F.R. §§404.1520a and 416.920a for the assessment of mental impairments within the sequential framework.

[3]The regulations the amendments to which codified much of the prior decisional authorities, 20 C.F.R. §§ 404.1521 and 416.921, define "severe' in terms of "significantly" limiting a claimant's "physical or mental ability to do basic work activities. *See also Bowen v. Yuckert*, 482 U.S. 137 (1987); *Evans v, Heckler*, 734 F. 2d 1012 (4th Cir. 1984).

3

Brief"), the Commissioner appears to concede the process issue. He observes that, "the ALJ did not end his analysis" with his finding that plaintiff suffered no severe impairment, assumes the fact that plaintiff's impairments were severe, and notes he "will only address" the issues of whether substantial evidence supports the determination of plaintiff's residual functional capacity ("RFC") and the finding that plaintiff could perform the jobs identified by the VE. (Def's Brief, pp. 11 and 14.) Thus, the undersigned will proceed, and recommends the presiding District Judge proceed, to assess the final decision as though it was rendered at the final sequential level. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989);*Hall v. Harris*, 658 F. 2d 260 (4th Cir. 1981).

In that connection, the plaintiff argues that the Law Judge failed to include vocationally relevant evidence in his hypothetical questions to the VE as is required under *Walker*. In particular, the plaintiff contends that the questions posed to the VE by the Law Judge failed to include limitations on plaintiff's ability to handle ordinary workplace stress as revealed in the evidence offered by the Commissioner's (State Agency's) own consultative examining psychologist. (R. 166.)[4]

In response, the Commissioner first offers that the Law Judge's determination of plaintiff's RFC is supported by substantial evidence. While acknowledging that plaintiff suffers an objectively determinable degenerative disc disease which may have limited plaintiff's motion in 2004, the Commissioner points to a virtual plethora of other objective medical evidence revealing no other objective effects . (Def's. Brief at 15.) The Commissioner further offers the plaintiff's own statements to an examining physician in 2005 about the normalcy of her

---

[4]This examiner opined that plaintiff "would have significant difficulty working under stress with the ususal stress in a competitive workplace." (R. 166.)

4

symptoms to belie her claim of any disabling back impairment. (*Id.*; R. 221.) Finally, the Commissioner points out that even the plaintiff contended that her back impairment was not the main reason she was not working. (*Id.*; R 324.)

Addressing her bipolar impairment as if it were severe, the Commissioner contends the mental status examinations of Drs. Clayton, Blackmer, Manning, Chizhikov and Cubas all "were largely unremarkable." (Def's Brief at 16, Record citations omitted.) Furthermore, he takes the position that there is substantial evidence that plaintiff's depression was moderate in 2004 (R. 188), her affect only moderately blunted, and points out there is no evidence plaintiff has been hospitalized for treatment. (Def's Brief at 16.) Finally, the Commissioner contends that the opinions of the State Agency consulting physicians that plaintiff is able to perform a range of sedentary to light work essentially corroborate that which is contained in the other medical record.[5]

Addressing plaintiff's law evidence, the Commissioner offers that plaintiff's own evidence and testimony, as well as that of her friend, Hollie Bray, revealed daily activities, including periods of employment, which would support the RFC assigned by the Law Judge. (Def's Brief at 17; R. 110-23, 312, 314-315, 325-328.) He believes that her daily activities are "wholly at odds with a finding of disability." (Def's Brief at 17.) According to the Commissioner, that leaves little more than plaintiff's subjective symptoms upon which the court could find the final decision. He believes that, with the conflict in the objective evidence, the

_____

[5]While acknowledging that there was some medical evidence of a GAF score of 38 (major impairment), this directly conflicted with plaintiff's score on the Beck Depression Inventory, as well as with the views of others who addressed plaintiff's mental status and found either unremarkable data or that plaintiff's depression was moderate. (Def's Brief at 10; R. 167-70, 184, 188-89.)

5

Law Judge was not required to fully credit plaintiff, and his election not to do so is supported by substantial evidence.

The undersigned is most persuaded by the medical records generated in 2005 on outpatient visits by the plaintiff to the Danville Regional Hospital. (R. 230-234.) Those records reveal a patient who has experienced fairly on-going outpatient treatment at the University of Virginia, and whose mental status essentially is, as the Commissioner suggests, unremarkable. When given the history of a mental status examination in 2004 which led to an opinion by plaintiff's examining physician then that her depression in the midst of a pregnancy was only moderate, there seems to the undersigned sufficient substantial evidence to support the Law Judge's conclusions relating to her RFC as well as her ability to perform jobs identified by the VE.[6]

Accordingly, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

_____

[6]Plaintiff's October 27, 2008 Reply To Defendant's Motion For Summary Judgment and Brief In Support, (sic) Thereof ("Pl's. Reply") addresses record evidence relating to two issues. The first, namely whether there was evidence sufficient to demonstrate that plaintiff suffered a severe impairment, is moot, the undersigned having deemed the Commissioner to have been conceded the point by proceeding to the next sequential inquiry. The second challenges whether the Commissioner properly assessed the evidence of plaintiff's friend, Hollie Bray, under Social Security Ruling (SSR) 96-8p. The undersigned cannot say the Law Judge's decision ran counter to the requirements of that Ruling because there was other treating and examining medical evidence in the record that counter veiled that of Ms. Bray's, which other evidence substantially supports the Law Judge's determination of plaintiff's RFC. Compare, *Hines v. Barnhard*, 453 F. 3d 559 (4th Cir. 2006).

6

entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

11-03-08
Date

7